Scoeield, J.,
delivered the opinion of the court:
The claimant, while serving as paymaster’s clerk on board the United States steamer Monocacy, at Canton, China, was appointed to perform the duties of the paymaster, who had been sent home on account of ill health.
The parties disagree as to the time when the appointment terminated. The claimant contends that it continued until June 9, 1885, at which time it was revoked by the Secretary of the Navy, while the defendants claim that it continued not longer than January 23,1885, at which time he had made up and filed his accounts in the Treasury Department. The appointment is as follows:
“ U. S. S. Monocacy, Canton, China,
“ May 6,1884.
“ Sir : Paymaster H. O. Machette having been pronounced by a medical board of survey physically disqualified to perform his duties, you are hereby appointed acting paymaster in the U. S. Navy in accordance with section 1381, Revised Statutes, and you will take charge of the moneys and stores on board this vessel in the pay department and perform the duties of paymaster until relieved. You will be pleased to inform me in writing of your acceptance of this appointment and subscribe the inclosed oath.
“ Respectfully,
“ Francis I. Higginson,
“ Commander, U. 8. N., Gom’d’g.
“Clinton M. Ostrander,
“ Paymaster’s Clerk.”
The claimant qualified under this appointment and performed the duties thereof until October 22,1884, when, in pursuance of the following order, he turned over to Assistant Paymaster John Corwine the public money and property in his possession and (transportation being furnished him) proceeded to the United States and reported his arrival to the Secretary of the Navy:
“ Navy Department,
“ Washington, August 25, 1884.
“ Sir : On the reporting of your relief) Assistant Paymaster John Corwine, you will make the required transfers to him. *221 regard yourself detached from the Monocaey, proceed home, and on your arrival report by letter to the Department and inform it of the date of your detachment in obedience to this order.
“ Respectfully,
“Earl English,

“Acting Secretary Navy.

“O. M. Ostrander,
“ Acting Assista/nt Paymaster.”
January 23, 1885, the claimant filed his accounts, in which was included a claim for salary to that date. His accounts were finally settled March 19,1885, of which fact he was officially notified April 30,1885.
June 8,1885, he filed a claim for salary from January 23, 1885, to June 8, 1885. The next day he was notified by the Secretary of the Navy that his appointment had been revoked to take effect from March 19, 1885.
The claim for additional salary was disallowed by the accounting officers, and this suit is brought to recover it.
•At what time the claimant’s appointment expired must be determined by the law under which it was made; that law is found in section 1381 of the Revised Statues, and is as follows:
“ When the office of paymaster or assistant paymaster becomes vacant, by death or otherwise, in ships at sea, or on foreign stations, or on the Pacific coast of the United States, the senior officer present may make an acting appointment of any fit person, who shall perform the duties thereof until another paymaster or assistant paymaster shall report for duty, and shall be entitled to receive the pay of such grade while so acting.”
By virtue of an appointment under this law the claimant was authorized to perform the duties of the invalid officer “ until another paymaster or assistant paymaster should report for duty.” He thereby became entitled “ to receive the pay of the grade while so acting,” and no longer. No phraseology in the appointment could confer greater rights than is herein authorized. Words which confer more, if any such are employed, are simply void.
October 22, 1884, another paymaster did report for duty, and after that the claimant had no duties to perform under his appointment, except to make up and settle his accounts.
*222 By a strict construction of tbe law tbe claimant’s pay would cease when he was relieved from duty by the arrival of another paymaster. The aceounting officers, however, gave it a liberal construction and allowed him transportation from China to Washington, and pay from the time of his appointment to January 23,1885, when his accounts were made up and filed in the Treasury Department.
The claimant contends that his appointment was without limit as to time, except that it was subject to termination by the action of the Secretary of the Navy. According to this theory he would become, through the inattention or indulgence of the Secretary, an acting paymaster for life. We do not so understand the law. In our opinion the appointment was a temporary one to meet the particular emergency and to be terminated when the emergency was over. Beyond that time the Secretary had no power, either by action or non-aetion, to prolong it.
By considering tbe interests of the parties to be reversed; the one struggling to escape further service, and the other demanding it and refusing to revoke the appointment or accept a resignation, the error and injustice of the claimant’s contention become very apparent.
The demurrer is sustained.